THE STATE, GEORGE G. GORUM, PROSECUTOR, v. JOHN MILLS, RECEIVER OF TAXES OF NEWARK.

1. The seventy-second section of the act for the organization of the National Guard of New Jersey, approved March 9th, 1869, does not exempt a member of the guard from the special poll tax imposed in the county of Essex, under the law of 1865, for the payment of war bonds.
2. This section does exempt from the poll tax under the general law.
3. Statutes conferring particular exemptions from general burdens are strictly construed.

*Certiorari* to remove and set aside assessment of poll tax, made in the city of Newark.

The case was heard before BEDLE, DALRIMPLE, and SCUDDER, Justices.

For the prosecutor, *Theodore Runyon.*

For defendant, *John P. Jackson.*

SCUDDER, J.    The seventy-second section of the act entitled " An act for the organization of the National Guard of the state of New Jersey," approved March 9th, 1869, (*Nix. Dig.* 274,) enacts " that all general and staff officers, all field officers, all commissioned and non-commissioned officers, musicians, and privates of the National Guard of the state, shall be exempt from jury duty and *poll* and military tax, during the term they shall perform military duty ; and every person who shall have so served seven years, and shall have been honorably discharged, shall forever be exempt from jury duty."

The prosecutor is a non-commissioned officer, performing military duty in the National Guard, organized under this law, and claims that he is, by this seventy-second · section, exempt not only from the general poll tax, but also from the special poll tax assessed against him in the city of Newark,

for the payment of the war bonds issued by the county of Essex.

A general poll tax, not exceeding $1, is imposed by the tax law of 1866 upon every white male inhabitant of this state of the age of twenty-one years and upwards, except the polls of certain classes of persons therein specially excepted. As there is a general repealing clause at the end of the act, of all acts and parts of acts, whether special or otherwise, inconsistent with the provisions of that act, a proviso is added to the section, that nothing in that act contained shall in any wise interfere with the poll tax required to be raised by any special law in payment of bounties.

This exclusion of any interference with the special laws assessing poll taxes for payment of bounty debts, and separating them thus distinctly from the general law, may aid us in construing the section in dispute, as a general expression of legislative intention.

It is admitted, on the part of the city, that the plaintiff is exempt from the general poll tax, and of this there can be no doubt. It is denied, however, that he is exempt from the special poll tax for the payment of bounty bonds.

This presents a question of considerable interest, for there are many counties where such assessments are made by special laws, and thus the principles of law involved are of extensive application.

The act ratifying the issuing of war bonds in the county of Essex, (*Laws of* 1865, *p.* 193, § 4,) enacts that for the purpose of providing a fund in aid of the payment of said bonds, a poll tax of $5 shall be assessed upon every white male inhabitant of said county of Essex of the age of twenty-one years and upwards, which tax shall be assessed and collected in the same manner as the poll tax is assessed and collected under the general law of the state, and shall be in addition thereto.

It will be here again observed that the two poll taxes are distinguished and separated, as in the general law of 1866.

By the supplement to the above act, approved March 27th,

State, Gorum, pros., v. Mills, Receiver.

1867, the amount of this poll tax was reduced to $3. At this rate the present assessment is made. Let us first consider the exact terms and collocation of the different subjects of exemption, and then their application to the present case.

The expression used in its connection is, "shall be exempt from jury duty and poll and military tax," &c.

Jury duty is common to all the citizens of the state, between the ages of twenty-one and sixty-five years. It appertains to state business in the prosecution of indictments, and imposes service in the Supreme Court, as well as in county and inferior courts. It is therefore general in its character, and not special. A military tax is also common to all the state, and equally imposed on all. There is a poll tax which is general, and to be assessed on every white male inhabitant of this state of the age of twenty-one years and upwards, except some special classes.

These three cases of exemption as thus stated are similar, and answer the general terms of the act.

The expression used is also singular—"poll tax"—not poll taxes, as if there were more than one intended. This may appear hypercritical, as the term might be used as *nomen collectivum;* but it is not so when we consider the distinct nature of these taxes, and that they cannot be spoken of together as one tax.

This tax is for a particular purpose, and for a fund expressly appropriated. It is for the purpose of providing a fund in aid of the payment of bounty bonds. It does not include the amount of the general poll tax, but is added thereto by express words. The distinctive nature of this tax is also shown in the blending of the general tax on polls and on property as a common fund for state and county taxes, and the priority of payment of the same to the county collector, out of any funds in the hands of the township, city, or ward collector; while, on the contrary, this special tax is to be made exclusively of polls, and remains distinct when collected, and it is not payable out of other funds, nor until it is collected. *State* v. *Douglass,* 4 *Vroom* 363.

It is also local, restricted to the county of Essex, and differs in amount from the sum assessed upon polls in some other counties. A general exemption should be equal in all its operations, and not impose greater burdens, or give greater rewards for military services by such exemption in some counties than in others. It will not be intended that the legislature contemplated such inequality, unless the terms used are so plain and explicit as not to be misunderstood.

The law being thus distinct and special in character, the rule applies that a general law applicable to the entire state will not modify or repeal, in whole or in part, a special act, unless by express words or by necessary implication. *State* v. *Branin*, 3 *Zab.* 484; *State* v. *Minton*, 3 *Zab.* 529; *Mechanics' & Traders' Bank* v. *Bridges*, 1 *Vroom* 112; *State* v. *Douglass*, 4 *Vroom* 363.

The many laws in our state by which the legislature have enabled the townships, cities, and counties to make assessments for the payment of debts incurred by the war, show that this has been a favored object, and it cannot be assumed that in any case they would be willing to annul or impair this provision for the payment of this species of debt, nor under such circumstances can such construction be put upon any law unless most express terms are used.

It is said, however, that the object of this bill is also favored, and that the exemption is granted to the members of the State National Guard, by way of compensation for their services to the state in the militia, and that the special reason of this exemption is, that the great body of members of the National Guard are young men, many of whom are subject to no tax except poll tax, and the purpose of the legislature was to relieve them from this tax in any form. If this were the only compensation received by them there would be at least some plausibility in this argument, but there are other rewards and exemptions which make the return by the state more nearly an equivalent for the service rendered than the small amount of special poll tax that is hereby imposed. It

should also be remembered that this debt was, in great part, incurred for the relief of this same class of our citizens, who were of an age liable to draft for military service.

Besides, the general policy of the law does not favor such exemptions. Statutes conferring particular exemptions from general burthens, however meritorious the cause may be for such exemption, are strictly construed. *Sedg. Stat. and Const. Law* 344.

There is a class of our citizens who are exempted from all such special poll tax, and the legislature in making such exception have made it perfectly clear that they intended so to do.

By the act approved April 5th, 1866,* it is enacted "that hereafter no assessment as a poll tax for the purpose of raising in any county, city, or township, money for the payment of any soldier's bounty granted during the continuance of the late war for the suppression of the rebellion, shall be made against any citizen of New Jersey who has been in the service of the United States for nine months during the war, and has been honorably discharged; and so far as any law of this state conflicts therewith, the same is hereby repealed."

This court has had no difficulty in construing this act and allowing the exemption. *State, Hall, pros., v. Parker,* 4 *Vroom* 312.

That the legislature have not, with this statute in their minds, so recently enacted, been equally explicit in excepting the National Guard from this special bounty bond tax, is a strong negative argument against the construction contended for by the plaintiff.

In my opinion, the special poll tax imposed in this case is legal, but the assessment for general poll tax is illegal.

The assessment is therefore affirmed as to all but the general poll tax, and as to that it is reversed.

BEDLE and DALRIMPLE, Justices, concurred.

CITED *in State, Freese, pros., v. Woodruff,* 8 *Vr.* 141.

*Rev., p. 1150, § 59.